In re CAMPBELL. (Supreme Court, Appellate Division, First Department. October 18, 1901.) In the matter of William Campbell, deceased. No opinion. Motion denied on payment of $10 costs.

In re CAMPBELL. (Supreme Court, Appellate Division, First Department. October 25, 1901.) In the matter of William Campbell. No opinion. Motion denied.

CAMPBELL v. CAMPBELL. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by John H. Campbell against Anna M. Campbell. No opinion. Motion granted, with $10 costs.

CANTINE, Respondent, v. RUSSELL et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) Action by Sarah A. Cantine, as executrix of the last will and testament of Peter Cantine, deceased, against George W. Russell and Frederick T. Russell. No opinion. Leave is granted to go to the court of appeals, and the following question certified: "Was the order of reference granted herein authorized by section 1013 of the Code of Civil Procedure?"

CHAMBERS v. SEYMOUR et al. (Supreme Court, Appellate Division, Second Department. October 21, 1901.) Action by Sidney C. Chambers against Henry A. Seymour, Frederick W. Johnson, and David Webster. No opinion. Order affirmed, with $10 costs and disbursements.

In re CITY OF MT. VERNON. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) In the matter of the application of the city of Mt. Vernon for the appointment of commissioners, etc. No opinion. Order (68 N. Y. Supp. 823) affirmed, on the opinion of Mr. Justice GAYNOR, with $10 costs and disbursements.

WOODWARD, J., absent.

CLARK, Respondent, v. ENNIS et al., Appellants. (Supreme Court, Appellate Division, First Department. November 8, 1901.) Action by John N. Clark against Thomas A. Ennis and another. From an order denying defendants' motion to vacate an order for the examination of the defendants for the purpose of enabling plaintiff to frame his complaint, defendants appeal. Reversed. Parker J. Deane, for appellants. Ellis B. Southworth, for respondent.

INGRAHAM, J. The question presented on this appeal is substantially the same as that presented on the appeal in the case of Clark v. Ennis (decided herewith) 72 N. Y. Supp. 581. We think in this case, as in that, that there is nothing to show that the examination of the defendants was necessary to enable the plaintiff to prepare his complaint. In this case, as in that, it appears that the plaintiff ordered certain stocks to be purchased, and that the defendants reported that such stocks had been purchased; and the defendants allege here that such stocks had been purchased for the plain-

tiff's account. If the defendants have sold the stock thus purchased for the plaintiff without authority, the plaintiff's cause of action would be to recover the stock purchased for his account or damages for a conversion thereof. It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and O'BRIEN and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.

CLARK, Respondent, v. MORAN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Amasa B. Clark against Mary J. Moran. M. Steinert, for appellant. C. A. Perkins, for respondent. No opinion. Judgment affirmed, with costs.

CLARKE, Appellant, v. McMAHON et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Audley Clarke, as surviving partner of the firm of Christian & Clarke, against Thomas F. McMahon and Mary E. McMahon, his wife, E. S. Calvert and others. No opinion. Order modified, so as to permit the taxation of but one term fee, and, as so modified, affirmed, without costs.

CLEMMONS, Respondent, v. BRINN, Appellant, et al. (City Court of New York, General Term. May, 1901.) Action by William F. Clemmons against Isaac Brinn, impleaded with others. Levy & Unger (Charles Haldane, of counsel), for appellant. Abraham A. Joseph, for respondent.

CONLAN, J. The action is in replevin, brought to recover possession of 373⅜ yards of cloth, and the particular description of the property as given by the plaintiff, and upon which he relies for identification, is "whether the same is manufactured or unmanufactured, or in process of manufacture, but capable of identification," as the same appears in the plaintiff's affidavit; and precisely the same language appears in the complaint. The defendant Brinn alone defends, and, as one of his defenses, pleads a discharge in bankruptcy, and also joins issue upon the chief allegations in the complaint. Fraud is the very essence of the case at bar, and it is upon this very ground that the plaintiff seeks to rescind a contract of sale and to recover his property or its value. The case bristles all over with allegations and evidence of fraud and fraudulent intent, and so the learned trial judge, in one of the questions which he submitted to the jury, said: "Were the goods fraudulently purchased by the defendant Ellen Pinstein?" The finding of the jury upon all of the evidence, and under the charge of the court, which was eminently fair to the defendant, was to the effect that the transaction between the plaintiff and the defendant Pinstein was a fraud practiced upon the former, and that the possession of the property, which was the subject of the action, by the defendant Brinn, was, under the circumstances detailed, such an acceptance and adoption by him of the fraud of his codefendant as to render him liable, and because of these fraudulent